# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### WESTERN DIVISION

**RODERIC L. THEODORE, # R5946**                                    **PLAINTIFF**

**VERSUS**                                    **CIVIL ACTION NO. 5:09-cv-186-DCB-MTP**

**CORRECTIONS CORPORATION OF AMERICA, et al.**                    **DEFENDANTS**

## ORDER

BEFORE THE COURT are Plaintiff's motion for expansion of the record [8] and motion to appoint counsel [9] filed on November 13, 2009.

As to Plaintiff's motion for expansion of the record [8], having reviewed the record and Plaintiff's motion, this Court finds that the Plaintiff is a prisoner and was granted *in forma pauperis* status. Therefore, this Court is in the process of screening the complaint as provided for by 28 U.S.C. § 1915A and Plaintiff's motion for expansion of the record [8] will be denied as premature.

Further, as to Plaintiff's motion to appoint counsel [9], there is no right to the automatic appointment of counsel in a civil case under 28 U.S.C. § 1915. *Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982); *Salmon v. Corpus Christi ISD*, 911 F.2d 1165, 1166 (5th Cir. 1990). Section 1915(e)(1) authorizes federal courts only to request that a particular attorney undertake the representation of a litigant proceeding *in forma pauperis*; it does not authorize the Court to make coercive appointments of counsel. *See Mallard v. U.S. District Court for the Southern District of Iowa*, 490 U.S. 296, 310 (1989). Indigent litigants in federal civil rights cases generally possess no constitutional or statutory right to appointed counsel. *See Salmon v. Corpus Christi ISD*, 911 F.2d 1165, 1166 (5th Cir. 1990); *Jackson v. Cain*, 864 F.2d 1235, 1242 (5th Cir. 1989); *Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987). A trial court is not required to appoint counsel for an

indigent party in a civil rights lawsuit unless the case presents truly exceptional circumstances. *See Freeze v. Griffith*, 849 F.2d 172, 175 (5th Cir. 1988); *Good v. Allain*, 823 F.2d 64, 66 (5th Cir. 1987); *Feist v. Jefferson County Comm'rs Court*, 778 F.2d 250, 253 (5th Cir. 1985); and *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982).

Although no comprehensive definition of "exceptional circumstances" is practical, the existence of such circumstances will necessarily turn on two basic considerations: (1) the type and complexity of the case and (2) the abilities of the individual bringing it. *See Freeze v. Griffith*, 849 F.2d 172, 175 (5th Cir. 1988); *Good v. Allain*, 823 F.2d 64, 66 (5th Cir. 1987); *Feist v. Jefferson County Comm'rs Court*, 778 F.2d 250, 253 (5th Cir. 1985); and *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982).

The United States Court of Appeals for the Fifth Circuit has directed trial courts to consider whether the appointment of counsel would be of service not only to the Plaintiff, but also possibly to the Court and the Defendants, through sharpening of issues, the shaping of the examination and cross-examination of witnesses, and, thus the shortening of trial and assisting in a just determination. *See Cooper v. Sheriff, Lubbock County, Texas*, 929 F.2d 1078, 1084 (5th Cir.1991); *Jackson v. Dallas Police Dep't*, 811 F.2d 260, 262 (5th Cir. 1986); *Feist v. Jefferson County Comm'rs Court*, 778 F.2d at 253; and *Ulmer v. Chancellor*, 691 F.2d at 213. It is also appropriate for the Court to consider whether the indigent Plaintiff has demonstrated an inability to secure the assistance of private counsel, especially in view of the opportunity for a prevailing Section 1983 Plaintiff to recover attorney's fees. *See Jackson v. Cain*, 864 F.2d at 1242.

This Court is given considerable discretion in determining whether to appoint counsel. *Ulmer v. Chancellor*, 691 F.2d 209, 211 (5th Cir. 1982). Plaintiff's complaint is well presented

and contains no novel points of law which would indicate the presence of "exceptional

circumstances". Therefore, counsel will not be appointed to the Plaintiff at this juncture of the

proceedings.  Accordingly, it is hereby,

**ORDERED**:

1. That Plaintiff's motion for expansion of the record [8] is denied as premature.

2. That Plaintiff's motion to appoint counsel [9] is denied.

**SO ORDERED AND ADJUDGED,** this the ___8th___ day of December, 2009.


s/ Michael T. Parker
UNITED STATES MAGISTRATE JUDGE