IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

RODERICK L. THEODORE                                              PLAINTIFF

VS.                                           CIVIL ACTION NO. 5:09cv186-MTP

JACQUELYN BANKS, et al.                                          DEFENDANTS

## OMNIBUS ORDER

The parties appeared and participated in an omnibus hearing before the undersigned United States Magistrate Judge on April 27, 2010. The Plaintiff appeared *pro se* and Defendants were represented by attorneys Chris Espy and Lem Montgomery. The Court scheduled this hearing for the combined purposes of conducting a *Spears*[1] hearing; a scheduling/case management hearing; and a discovery conference. The Court's purpose in conducting the hearing is to insure the just, speedy and inexpensive determination of this *pro se* prisoner litigation. After due consideration of the issues involved in this case and the requests for discovery, the Court does hereby find and order as follows:

**1. JURISDICTION AND SUMMARY OF CLAIMS**

Jurisdiction of this case is based upon 42 U.S.C. § 1983. At the time Plaintiff's claims arose, he was incarcerated at Wilkinson County Correctional Facility (WCCF) in Woodville, Mississippi, having been convicted of a felony.[2] Plaintiff's claims were clarified by his sworn testimony during the *Spears* hearing.[3]

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

[2] Plaintiff is currently incarcerated at South Mississippi Correctional Institution in Leakesville, Mississippi.

[3] *See Hurns v. Parker*, 1998 WL 870696, at *1 (5th Cir. Dec. 2, 1998); *Riley v. Collins*, 828 F.2d 306, 307 (5th Cir. 1987) (stating that plaintiff's claims and allegations made at *Spears* hearing supersede claims alleged in complaint).

1

Plaintiff claims that in the early morning hours of January 31, 2009, while he was asleep in his cell, he was assaulted by three inmates who are gang members.[4] Plaintiff does not know how the inmates got into his cell, but stated that in order for them to enter, the door had to have been open. He testified that between 4:00 and 5:00 every morning, the cell doors are unlocked at different times so that the inmates can go to breakfast.

As a result of the alleged attack, Plaintiff was in a coma for two weeks. He also suffered a broken jaw that had to be wired shut, lacerations to his face and head, and severe nerve damage to his lower back, resulting in numbness on the right side of his body which makes him walk with a limp and requires the use of a cane. Plaintiff claims that he has been told that he will never regain feeling in the lower part of mouth. Plaintiff also claims that he has bad memory loss as a result of suffering a concussion. He received treatment in several different hospitals after the attack, and ultimately ended up at SMCI.

Plaintiff claims that for many weeks prior to the alleged assault, he had notified Defendants Warden Jacquelyn Banks, Sergeant Williams, the Security Threat Group Officer at WCCF, Chief Reddick, Leon Perry, Chief of Security and Unit Manager Ramsey both verbally and in writing numerous times (approximately once a week) informing them of the gang problem at WCCF - specifically, that gang members were coming into inmates' cells, taking their personal property, and bullying and beating them up. Plaintiff claims that he also informed Defendants that he was having to pay "protection money" to gang members, and that he wanted to be moved because of the gang activity and placed in a faith-based program. Plaintiff alleges that

---

[4] The names of these inmates are: Anton Fisher, Jesse Wilson and Markede Pass. Plaintiff testified that they are members of the Vicelords gang, and they are currently housed at the Mississippi State Penitentiary in Parchman, Mississippi. Plaintiff admitted that he used to belong to the Vicelords from ages 13 to 25, but stated that he "gave it up" approximately six years ago.

Defendants did not respond to his complaints nor take any actions to protect him.

Plaintiff alleges that Defendant Claiborne was the tower officer at the time of the alleged attack. He avers that she would have had a clear view of his zone and would have been in a position to see the attack and to notify the floor officers if she had been manning her post. Plaintiff claims that Claiborne "sleeps on the job" every night and alleges that she must not have been paying attention at the time of the attack. Thus, Plaintiff claims that Claiborne failed to do her duty and failed to protect him. Plaintiff testified that he was not alleging that Claiborne intentionally opened his cell door, since the doors open automatically every morning.

## 2.  **DISCOVERY ISSUES**

Within thirty days, Defendants shall produce to Plaintiff: a copy of his medical records; a copy of any letters from Plaintiff to Defendants, and responses thereto, regarding Plaintiff's complaints of gang activity prior to the alleged assault; and a copy of any incident or investigatory report regarding the alleged assault. Defendants shall also make any video recording of the alleged assault available for Plaintiff to view, within the next thirty days. If Defendants obtain any outside medical records, they shall produce a copy to Plaintiff with ten days of receipt.

There are no other discovery matters pending at this time, except for those set forth herein. The discovery set forth above will fairly and adequately develop the issues to be presented to the Court, and no other discovery is deemed reasonable or appropriate considering the issues at stake in this litigation. *See* Fed. R. Civ. P. 26(b)(1). The parties shall not propound additional discovery requests unless leave of Court is requested and obtained.

## 3. **MOTIONS DEADLINE AND TRIAL**

The deadline for the filing of motions (other than motions *in limine*) is September 30,

2010. Upon expiration of the motions deadline and a ruling on any such motions, the court will set the matter for trial as appropriate.

IT IS, THEREFORE ORDERED:

1. Within thirty days, Defendants shall produce to Plaintiff: a copy of his medical records; a copy of any letters from Plaintiff to Defendants, and responses thereto, regarding Plaintiff's complaints of gang activity prior to the alleged assault; and a copy of any incident or investigatory report regarding the alleged assault. Defendants shall also make any video recording of the alleged assault available for Plaintiff to view, within the next thirty days. If Defendants obtain any outside medical records, they shall produce a copy to Plaintiff with ten days of receipt.

2. The deadline for the filing of motions (other than motions *in limine*) is September 30, 2010.

3. This order may be amended only by a showing of good cause.

4. Plaintiff's failure to advise this court of a change of address or failure to comply with any order of this court will be deemed as a purposeful delay and may be grounds for dismissal without notice to Plaintiff.

SO ORDERED on this the 6th day of May, 2010.

s/ Michael T. Parker<br>United States Magistrate Judge